## Garland Pilkington v. The State.

No. 14528.   Delivered November 25, 1931.

The opinion states the case.

*Hoover, Hoover & Cussen,* of Canadian, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge. — The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The testimony relied upon by the state was, in substance, as follows: Appellant lived with his mother at the Central Hotel. Adjacent to the hotel property were some vacant lots. Officers saw appellant running from the vacant lots to the back yard of the hotel. After appellant reached his own premises, the officers entered the hotel yard and asked appellant what he had. Appellant made no reply. One of the officers then took a bottle from appellant's hand. It contained a half pint of whisky. After the officer took the whisky appellant stated to them that he had seen a man throw the whisky down and he had picked it up. He further stated to the officer that he thought he (the officer) was "after a man out there" as he saw someone running before the man threw the bottle away. A search of the vacant lots disclosed a half-gallon fruit jar about half full of whisky. This whisky was near the place where the officers first saw appellant. There was a spade near the fruit jar, and fresh dirt indicated that someone had been digging in the place. The hour of the search was about 11 p. m.

Appellant denied that he had been on the vacant lots on the occasion testified to by the officers. He said that he had left the hotel for the purpose of going to his garage, which was on the back part of the hotel lot, when he saw a man running up the sidewalk near the hotel; that when this man got about half way between the garage and the hotel he threw the half-pint of whisky on the hotel lot. He testified that he picked the whisky up and took the top off and smelled it; that he had the

whisky in his hand when the officers approached and arrested him; that he told the officers he saw a man throw the whisky in the yard, and that he had picked it up. He testified that he voluntarily went with the officers to the vacant lots and gave them a shovel with which to dig. A witness for appellant testified that he was on the vacant lots adjacent to the hotel shortly prior to the time that the whisky was discovered. He said that he buried three chickens there. He testified that there was an old shovel on the lots, which had been there for some time. He also testified that some mattress makers had, shortly prior to the occasion of appellant's arrest, been staying on these vacant lots. Appellant offered no further testimony.

In his motion for a new trial appellant set up the fact that he had discovered new evidence, and appended to the motion the affidavit of the witness, Oscar Yokem, wherein it was stated that the witness was acquainted with appellant; that on the night the officers arrested appellant the witness was standing at the window of his room in the Central Hotel looking out when he saw appellant come out of the back door and walk into the back yard and pick up something; that he did not know what the object was, but that it was shiny; that just before appellant picked the bottle up he saw a man run or trot down the sidewalk and throw something into the yard of the hotel, which appeared to be a bottle; that this object fell about where appellant picked the bottle up; that he saw the officers come into the hotel yard and saw appellant hand them something, and saw them go into the hotel through the rear door; that the witness immediately left for town. The court heard evidence on the motion. The witness testified to substantially the same facts set forth in his affidavit. He stated that he had been arrested on another charge and placed in the same cell with appellant; that he did not tell anyone of the matters set forth in his affidavit until after appellant had been tried and convicted; that he told a person by the name of "Blackie" about it, who told appellant's mother. Appellant testified that he had not known the witness Yokem until he had been placed in jail; that they were in the same cell, but that he did not know anything about Yokem having been registered at the hotel on the night in question, and he did not know he was at the hotel on said occasion; that he did not know anything about the information the witness had concerning the transaction until after his trial. The state, in a controverting affidavit, took issue with appellant upon the truth of the alleged newly discovered evidence, but the affidavit is silent as to the matter of diligence.

The opinion is expressed that the testimony alleged to be newly discovered is not of such a character as that appellant must necessarily have known of its existence prior to the trial. It was undisputed that appellant did not know the witness was in the hotel. Moreover, it was undisputed that the witness did not tell anybody about the transaction until after

appellant was convicted. Under the facts reflected by the record, appellant could not have been expected to make inquiry of the witness as to his knowledge of the transaction. We think the record shows that it was not owing to the want of due diligence that the testimony was not discovered sooner. Branch's Annotated Penal Code, sec. 198.

The issue of guilt was closely contested. The testimony alleged to be newly discovered goes to the merits of the case. The facts proposed to be proved by the witness are inconsistent with the state's case. In the light of the record, we are unable to say that it is not reasonably probable that the testimony mentioned would have produced a result more favorable to appellant. See Flewellen v. State, 113 Texas Crim. Rep., 22, 18 S. W. (2d) 1087.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.